[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 5, 2006
THOMAS K. KAHN
CLERK

No. 05-13258
Non-Argument Calendar

D. C. Docket No. 96-00440-CV-J-J

WALTER OWENS,
BONITA GRAY, as next friend, mother and
natural guardian of
and on behalf of Jozette Gray,
AUGATHA CROFT, next friend, mother and
natural guardian of above named plaintiffs
Dantavis Croft, Jennifer Croft,
Niesha Croft and Robert L. Croft,

Plaintiffs-Appellants,

ALICIA WYNN, as next friend, mother
and natural guardian of and on behalf of
Jaylen Wynn,
et al.,

Plaintiffs,

OTIS ADAMS, and all of
the persons listed,

Intervenor-Plaintiff,

versus

MONSANTO COMPANY,

Defendant-Appellee.

----------

Appeal from the United States District Court
for the Northern District of Alabama

----------

**(January 5, 2006)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

The controversy in this case was settled in April 2001. As requested in the settlement agreement, the district court retained jurisdiction to enforce the settlement, including its Most Favored Nations Clause ("MNF"). In October 2003, plaintiffs, the appellants here, moved the court to enforce the MNF clause. They asked the court for leave to conduct discovery and thereafter an evidentiary hearing before the court ruled on their motion. The court granted their motion in part and awarded plaintiffs an additional $1,337,352.20, which the defendant, appellee here, paid into the court's registry.

Plaintiffs appealed the court's order, and we affirmed. Owens v. Monsanto Co., 116 Fed. Appx. 249 (Table). 11th Cir. (Ala.) Aug. 19, 2004, reh'g en banc denied, 123 Fed. Appx. 388 (Table), 11th Cir. (Ala.), Oct. 15, 2004. We found

"no abuse of discretion in the district court's refusal to allow the requested discovery prior to ruling on the merits or its refusal to hold an evidentiary hearing. The contracts at issue are unambiguous. We find no error in the court's interpretation of the relevant provisions [, including the MNF clause,] and thus in its decision ordering [Monsanto] to pay . . . $1,337,352.20."

This case is back before us because the district court, in a comprehensive order entered on June 2, 2005, Doc. 287, enjoined plaintiffs from, in the court's view, attempting to challenge the court's October 2003 order which we affirmed on August 19, 2004. Plaintiffs appeal, contending that the court abused its discretion in entering the injunction, in refusing to recuse, and in disallowing discovery and refusing to hold an evidentiary hearing. For the reasons stated in the June 2 order, we conclude that the court acted well within its discretion in entering the injunction and in denying plaintiffs' request for discovery and an evidentiary hearing. We also find no abuse of discretion in the court's refusal to recuse.

AFFIRMED.